UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SOKKA INTERNATIONAL ENT LTD,

Plaintiff,

-against-

OREGON TOOLS, INC,

Defendant.

---

**MEMORANDUM AND ORDER**
23-cv-7088

LaSHANN DeARCY HALL, United States District Judge:

Sokka International Ent. Ltd. ("Plaintiff" or "Sokka"), brings the instant action against Oregon Tool, Inc. ("Defendant"), asserting claims for breach of contract, breach of covenant of good faith and fair dealing, and equitable accounting. Defendant moves, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint in its entirety.

## BACKGROUND[1]

Plaintiff is a corporation organized and existing under the laws of Nigeria with its operations and principal place of business located in Nigeria. (Compl. ¶ 5, ECF No. 1.) Defendant is a Delaware corporation, registered to transact business in New York, with a principal place of business in Oregon. (*Id.* ¶ 6.) In 2005, the Carlton Company appointed Plaintiff as the exclusive distributor for its chain saw and accessories products in some African countries (the "Territory"). (*Id.* ¶ 9.) Subsequently, but sometime in 2008, Defendant acquired

---

[1] The following facts are taken from the Complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

the Carlton Company.  (*Id.*)  Thereafter, in or around October 2008, Defendant entered into an agreement ("Exclusive Distributorship Agreement") to appoint Plaintiff as the exclusive distributor of its Carlton and Tiger branded power-operated chain saws, guide bars, sprockets, and files for its forestry, garden, farm, ranch, and agriculture machines, including tools, parts, and accessories (the "Products") in five African countries.  (*Id.* ¶¶ 10–11.)  The Exclusive Distributorship Agreement between Plaintiff and Defendant was "to be valid and effective for an initial period from 2008 to 2014, and thereafter to be renewed annually upon agreement of both parties."  (*Id.* ¶ 12.)  Plaintiff's purchase of the Products averaged approximately $10,000,000 every year.  (*Id.* ¶ 21.)  In or around 2019, Defendant began appointing other distributors in the Territory, effectively reducing Plaintiff's share in the sale and control of the Products from 100% to less than 50%.  (*Id.* ¶¶ 19–20, 22.)  Plaintiff made repeated protests to Defendant regarding the additional distributors within the Territory.  (*Id.* ¶ 23.)  Thereafter, in or around April 2022, Defendant terminated the Exclusive Distributorship Agreement effective July 31, 2022.  (*Id.*)  Since the termination, Defendant has refused to supply Plaintiff with the Products and instead directed Plaintiff to order the Products from a current distributor in the Territory.  (*Id.* ¶¶ 23–24.)

## STANDARD OF REVEIW

It is well-established in the Second Circuit that "[i]n deciding a pretrial motion to dismiss for lack of personal jurisdiction[,] a district court has considerable procedural leeway" to consider materials outside of the pleadings.  *Dorchester Financial Securities, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (citing *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981)).  Unlike a Rule 12(b)(6) motion to dismiss, a Rule 12(b)(2) motion is inherently a matter requiring the resolution of factual issues outside of the pleadings.  *Zibiz Corp. v. FCN Tech. Solutions*, 777 F. Supp. 2d 408, 416 (E.D.N.Y.2011).  It follows, therefore, that all

pertinent documentation submitted by the parties may be considered in deciding the motion. *See id.* "In the absence of an evidentiary hearing on the jurisdictional allegations, or a trial on the merits, all pleadings and affidavits are construed in the light most favorable to plaintiff, and where doubts exist, they are resolved in the plaintiff's favor." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F. 2d 55, 57 (2d Cir. 1985). That said, the Court will not "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013).

To defeat a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "a plaintiff must have a state-law statutory basis for jurisdiction and demonstrate that the exercise of personal jurisdiction comports with due process." *Charles Schwab Corporation v. Bank of America Corporation*, 883 F.3d 68, 82 (2d Cir. 2018). The plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 206 (2d Cir. 2003). "[T]he showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it 'varies depending on the procedural posture of the litigation.'" *Dorchester Financial Securities, Inc.*, 722 F.3d at 84 (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). Specifically, prior to discovery, a plaintiff may defeat a motion to dismiss for lack of personal jurisdiction by pleading legally sufficient allegations of jurisdiction in good faith. *Id.* at 84. At that preliminary stage, the plaintiff's prima facie showing may be established "solely by allegations" that, when credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant. *Id.* at 85; *Jerusalem NY Enterprises LLC v. Huber Erectors & Hoisting, LLC*, No. 21-CV-376, 2021 WL 4711821, *3 (E.D.N.Y. Oct. 9, 2021). Plaintiff's allegations of jurisdiction must consist of "non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of

3

jurisdiction has taken place." *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 19 (2d Cir. 2015).

## DISCUSSION

Personal jurisdiction over a defendant in a diversity action, such as this one, is determined by reference to the law of the jurisdiction in which the court sits. *Hoffritz for Cutlery, Inc.,* 763 F.2d at 57; *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."). Here, New York law applies. To establish personal jurisdiction over a defendant under New York law, a plaintiff must demonstrate either general jurisdiction or specific jurisdiction, both of which are governed by NY CPLR sections 301 and 302, respectively. *Zibiz Corp.*, 777 F. Supp. 2d at 416, 420. Defendant argues that Plaintiff cannot satisfy the statutory requirements for either. The Court agrees.

### 1. General Jurisdiction

New York law subjects a foreign corporate defendant to general jurisdiction when the defendant is "engaged in such a continuous and systematic course of doing business" in the state. *Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990). The Second Circuit has made clear that the foreign corporate defendant must not "do business" in the state occasionally or casually, "but with a fair measure of permanence and continuity." *Wiwa v. Royal Dutch Petroleum Co*, 226 F.3d 88, 95 (2d Cir. 2000) (citation and internal quotation marks omitted). To determine whether a defendant is sufficiently doing business in New York pursuant to section 301, courts consider whether the defendant (1) maintains an office in New York; (2) has any bank accounts or other property within the state; (3) has a telephone listing in the state; (4) does public relations work or solicits business within the state; and (5) has employees or agents located within the state. *Zibiz Corp.*, 777 F. Supp. 2d

4

at 416–417 (citation omitted).  That said, when a corporation is not incorporated in New York and does not maintain its principal place of business in the state, mere contacts, no matter how "systematic and continuous, are extraordinarily unlikely to add up to an exceptional case." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) (citation and internal quotation marks omitted).

Here, Plaintiff supports its contention that the Court has general jurisdiction over Defendant by emphasizing that Defendant is registered to transact business in New York; files annual corporate tax returns and pays franchise taxes in New York; ships the Products to Plaintiff and its other distributors through the port of New York; has several store locations in New York through which it sells the Products; appointed numerous permanent agents, dealers, and distributors in New York; and continuously negotiates and enters into contracts to market, ship, distribute, and sell the Products in New York through its store locations, agents, dealers, and distributors.  (Pl.'s Opp'n. to Mot. to Dismiss ("Pl.'s Opp'n") at 3, ECF No. 18.)  However, even when taken collectively, these facts do not sufficiently establish general jurisdiction over Defendant in New York.  Instead, some of the facts relied upon by Plaintiff have been rejected as a basis for finding general jurisdiction by courts in this circuit.  For example, the Second Circuit has made plain that a foreign corporation does not consent to general jurisdiction in New York simply by virtue of registering to transact business in the state.  *Chufen Chen v. Dunkin' Brands, Inc.* 954 F.3d 492, 499 (2d Cir. 2020).  Likewise, the fact that a party ships products using New York ports does not clear Plaintiff's burden.  Presumably, Plaintiff suggests that by using the New York ports, Defendant has placed its goods in the New York stream of commerce.  (Pl.'s Opp'n. at 4.)  But, to that fact, the Supreme Court has held that "although the placement of a product into the stream of commerce may bolster an affiliation germane to specific jurisdiction . .

5

. such contacts do not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant[.]" *See Daimler AG*, 571 U.S. at 132 (citation and internal quotation marks omitted). Plaintiff's allegation that the Defendant appointed agents, dealers, and distributors in New York fares no better. (*See* Pl.'s Opp'n. at 6.) Absent from the complaint is any allegation that these individuals were employees of Defendant or anything other than independent representatives without the authority to bind the Defendant to contracts or to open new account locations. *Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, No. 05 CIV. 6939, 2006 WL 1147963, at *6 (S.D.N.Y. May 1, 2006).

That Plaintiff alleges that Defendant sells the Products in New York is of no help to its claim of general jurisdiction. Instead in *Daimler*, the Supreme Court clarified that sizable sales within a state do not reach the level of "continuous and systematic" affiliations with a state to subject a defendant to general jurisdiction. 571 U.S. at 139. In fact, the Supreme Court warned that an overly generous finding of general jurisdiction would subject a defendant to general jurisdiction in every state where their sales are sizable which presents policy concerns. *Id.* In sum, Plaintiff has not sufficiently alleged that Defendant's contacts or affiliations with New York are so 'continuous and systematic' that this Court should render Defendant 'at home' in the State of New York.

### 2. Specific Jurisdiction

In the absence of general jurisdiction, Plaintiff maintains that the Court may nonetheless exercise specific jurisdiction over Defendant. According to Plaintiff, personal jurisdiction may be exercised by a defendant contracted to provide goods or services in New York. (Pl.'s Opp'n. at 4.). Plaintiff's argument reveals its gross misapprehension of the law. At a minimum, Plaintiff's argument relies on an incomplete articulation of New York law, which requires more. Specific jurisdiction may be established under CPLR Section 302(a) where (1) the non-

6

domiciliary contracts business within the state and (2) the claim arises out of that business activity. N.Y. C.P.L.R. § 302(a). To trigger specific jurisdiction under Section 302(a), there must be an "articulable nexus or substantial relationship between the business transaction and the claim asserted." *See Zibiz Corp.*, 777 F. Supp. 2d at 423. However, here, Plaintiff fails to allege any such relationship.

Rather than support its claim to jurisdiction with facts that support the requisite affiliation. Planitff's argument relies instead on the fact that, pursuant to the Exclusive Distributorship Agreement, Defendants shipped the Products to Sokka through the ports of New York. (Pl.'s Opp'n. at 4.) This fact is of no consequence here. The relevant inquiries, rather, are where the contract was negotiated or executed, and where the good or service was to be provided. *See Zibiz Corp.*, 777 F. Supp. 2d at 423. The case of *Zibiz Corp v. FCN Technology Solutions* is instructive here. *Id.* On similar facts, the court in *Zibiz* found that no articulable nexus or substantial relationship existed where the parties' contract giving rise to the breach of contract claim was neither negotiated nor executed by foreign defendant in New York and the service giving rise to the claim was not provided in New York. *Id.* at 423. Similarly, here, Plaintiff does not allege that the Exclusive Distributorship Agreement was negotiated or executed in New York. And, under the Exclusive Distributorship Agreement, Plaintiff received the Products in Nigeria, Ghana, Cote D'Ivoire, Gabon, Uganda, Benin, Cameroon, and Togo; not New York. (Compl. ¶¶ 11, 13.) Simply put, Plaintiff has failed to articulate a nexus or substantial relationship between its business transaction with Defendant and the causes of action

for which it has sued Defendant to warrant a finding of specific jurisdiction over Defendant in New York.[2]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  The Clerk of Court is respectfully directed to enter judgment and close the case.


SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2025

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

---

[2] Defendant argues that a finding of personal jurisdiction in New York in this action "would be contrary to due process."  (Def.'s Mem. of L. in Supp. of Mot. to Dismiss at 6, ECF No. 17.)  Because this Court has found that there is no statutory basis for personal jurisdiction under New York's long-arm statute, the Court need not analyze whether jurisdiction comports with due process.  *In re Dental Supplies Antitrust Litig.*, No. 16 Civ. 696, 2017 WL 4217115, at *8 (E.D.N.Y. Sept. 20, 2017).